UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CAMERON HARDIMAN, <br><br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 4:23-CV-04202-KES <br><br><br> ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL <br><br> DOCKET NO. 11 |

Movant Cameron Hardiman has filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Docket No. 1.  He now moves the court to appoint counsel to represent him.  Docket No. 11.

This habeas corpus matter is pending pursuant to 28 U.S.C. § 2255. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases."  Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).  Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing Section 2255 Cases in United States District Courts, 28 U.S.C. foll. § 2255. Those statutes provide in relevant part:

> **18 U.S.C. § 3006A(a)(2)(B):**
> (2)    Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–

\*\*
(B) is seeking relief under section 2241, 2254, or 2255 of title 28

**Rule 6(a):**
If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

**Rule 8(c):**
If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . .  These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary.  Hoggard, 29 F.3d at 471 (citations omitted). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors."  Id.  Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

Here, Mr. Hardiman's case is in its initial stages.  The government has not yet filed a response to Mr. Hardiman's § 2255 petition.  Mr. Hardiman has been able to adequately and clearly communicate his arguments and supporting facts.  It is not known yet whether an evidentiary hearing will be necessary in this case.  For all these reasons, the court exercises its discretion *not* to appoint counsel for Mr. Hardiman at this juncture.  Accordingly, it is

ORDERED that Mr. Hardiman's motion for court-appointed counsel [Docket No. 11] is denied.  Should it later appear an evidentiary hearing is

necessary to resolve Mr. Hardiman's claims for relief, counsel will be appointed at that time.

DATED December 18, 2023.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge